IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02579-MSK-MJW

KRISTIN MCINTOSH,

Plaintiff,

v.

MJM PARTNERS, LLC, a Colorado limited liability company,
d/b/a VITA RESTAURANT, and
RESURRECTION PROPERTIES, LLC, a Colorado limited liability company,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED Plaintiff's Motion for Leave of the Court to Amend the Complaint (Docket No. 34) is GRANTED for the following reasons.  Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Carr v. Hanley, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting Calderon v. Kansas Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999)).

In their Response (Docket No. 36), defendant MJM Partners, LLC argues that plaintiff's proposed amendments are futile because plaintiff's ADA claim is still defective. Judge Ebel has previously addressed the futility issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008).  In the General Steel case, Judge Ebel stated, in pertinent part:  "Defendants' futility argument seems to place the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."  For the same reason expressed by Judge Ebel in General Steel, this court finds that plaintiff's motion to amend should be granted.

It is FURTHER ORDERED that plaintiff shall separately file her Amended

Complaint (Docket No. 34-1).

It is FURTHER ORDERED that Defendant MJM Partners, LLC's Motion to Dismiss Complaint (Docket No. 19) is DENIED AS MOOT as the motion is now directed to an inoperative, superceded pleading.  See, e.g., Gilles v. United States, 906 F.2d 1386, 1389 (10th Cir. 1990) (stating that "a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies") (internal quotation marks omitted).

Date: February 19, 2013