IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02579-MSK-MJW

KRISTIN MCINTOSH,

Plaintiff,

v.

MJM PARTNERS, LLC, a Colorado limited liability company,
d/b/a VITA RESTAURANT, and
RESURRECTION PROPERTIES, LLC, a Colorado limited liability company,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

Now before the court is Defendant MJM Partners, LLC's Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Disclosure (Docket No. 45) and Plaintiff's Motion for Leave of the Court to Amend Plaintiff's Expert Witness List Disclosure (Docket No. 47). The court finds and orders as follows.

The Scheduling Order (Docket No. 30) set the deadline for disclosure of expert witnesses for March 12, 2013.  On March 13, 2013, plaintiff filed her expert witness list (Docket No. 43) with the court (and apparently disclosed it to defendants on the same day).  Defendants seek an order to strike the witness list because it was late and because it is inadequate under Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  Shortly after defendants filed their motion to strike, plaintiff filed her motion seeking leave to amend the expert witness list disclosure to include the report of the expert witness.  Plaintiff states that the expert inspected the subject property on March 8, 2013, but did not have the report completed until March 21, 2013.

Pursuant to Fed. R. Civ. P. 37 (c)(1), "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . to supply evidence on a motion or at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The following four factors are considered in determining whether a failure to disclose is justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.  Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Plaintiff does not dispute that her disclosure was inadequate under Rule 26(a)(2)(B)(i)-(vi).  However, considering the above factors, the court finds that plaintiff's failure is harmless.  First, there is little prejudice or surprise to defendants since the disclosure was made only one day after the deadline.  Although the disclosure was inadequate, defendants were at least aware at that time that plaintiff intended to utilize that particular expert witness.  The only prejudice defendants would suffer would be due to the inadequacy of the disclosure.  Second, plaintiff appears able to cure any prejudice by supplementing the disclosure the comply with Rule 26(a)(2)(B)(i)-(vi).  Third, there will be no disruption of trial since a trial date has not been set in this matter.  Fourth, plaintiff does not appear to have acted with bad faith or willfulness.  Rather, it appears plaintiff's counsel is guilty of poor planning and general inattention to the case.  Knowing the disclosure was going to be inadequate, counsel should have sought an extension prior to the disclosure deadline.  While the court is concerned with counsel's actions in this matter, given the circumstances, the court must find that the failure was harmless.

Accordingly, it is hereby ORDERED that Defendant MJM Partners, LLC's Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Disclosure (Docket No. 45) is DENIED.  It is FURTHER ORDER that Plaintiff's Motion for Leave of the Court to Amend Plaintiff's Expert Witness List Disclosure (Docket No. 47) is GRANTED.  Plaintiff shall have up to and including May 22, 2013 to make her expert witness disclosure in full compliance with Rule 26(a)(2)(B)(i)-(vi).

Date: May 17, 2013